ROY CRAM, Appellant, *v.* WELLS CARGO, INC., A
    Corporation, JOE W. WELLS, F. M. FRAND-
    SEN and NEVADA ROCK AND SAND COM-
    PANY, INC., Respondents.

No. 3714

April 28, 1953.                              256 P.2d 96.

*Taylor and Gubler,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones,* of Las Vegas, for Respondents
Wells Cargo, Inc., a Corporation, and Joe W. Wells.

*G. William Coulthard,* of Las Vegas, for Respondents
F. M. Frandsen and Nevada Rock and Sand Company,
Inc.

## OPINION

### ON REHEARING

By the Court, MERRILL, J.:

Appellant having properly directed our attention to an oversight in our disposition of this matter, rehearing was granted upon that point.

The record convincingly shows that when Wells Cargo, Inc. took possession of the five items of equipment sold to it by Nevada Rock & Sand Company, it also took possession of certain other items, property of appellant but not included in that sale or covered by the chattel mortgage asserted by respondents as justification for the taking. These items were described in appellant's counterclaim as a tank, pump and trailer and spare mechanical parts consisting of sprockets, chains, belts, bearings, shafts, etc.

There is no dispute as to such taking by Wells Cargo. No authority for the taking appears in the record. The only issue upon the record is as to the value of the property so taken at the time of conversion. Appellant places its value at $3,500. Wells Cargo values it at from $310 to $415. It would therefore appear that appellant was entitled to a finding that said property was improperly taken, to a determination of damages therefor and to judgment in such amount against Wells Cargo.

It is ordered that this matter be remanded for new trial limited to a determination of damages for the taking of the specified property and with instructions that judgment be rendered in favor of appellant and against Wells Cargo, Inc. in the amount so determined.

Save in this respect our decision upon the appeal as filed February 13, 1953 shall stand. Considering the minor extent to which the appeal concerned itself with the particular point here considered, our award of costs to respondents shall stand. Appellant shall have his costs upon this rehearing assessed against respondent Wells Cargo, Inc. As soon as such costs in due course have been determined, remittitur shall issue forthwith.

EATHER, C. J., and BADT, J., concur.